**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

LOGAN DRINKARD,

          Petitioner,

v.                                    Case No.  3:17-cv-338-LC/MJF

SECRETARY, DEPARTMENT OF
CORRECTIONS,

          Respondent.

_____/

## <u>REPORT AND RECOMMENDATION</u>

      Logan Drinkard, represented by counsel, has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 5). Respondent ("the State") answered, providing relevant portions of the state court record. (Doc. 13). Drinkard replied. (Doc. 23). The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Drinkard is not entitled to habeas relief.[1]

_____

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I.      Background and Procedural History

On November 26, 2011, Drinkard killed Germaine Bindi when the Ford Mustang he was driving struck Victor and Germaine Bindi's vehicle on Highway 98. Drinkard was charged in Santa Rosa County Circuit Court Case No. 2011-CF-1806, with the following crimes:

Count 1      Vehicular homicide of Germaine Bindi by operation of a motor vehicle in a reckless manner likely to cause death or great bodily harm to another in violation of Section 782.071(1)(a), Florida Statutes;

Count 2      Manslaughter of Germaine Bindi by act or culpable negligence by driving at a high rate of speed and/or racing another vehicle and/or weaving in and out of traffic and/or driving recklessly, in violation of Section 782.07, Florida Statutes; and

Count 3      Racing on a highway, in violation of Section 316.191(2)(a), Florida Statutes.

(Doc. 13, Ex. C).[2] The State explained its charging decision at a pre-trial hearing on Drinkard's motion for a statement of particulars:

MS. KINSEY [Prosecutor]: And if it helps, Mr. Wade [defense counsel], as an officer of the court, I can tell you that the facts of the reckless driving for Count 1 and Count 2 are the same set of facts, which is what I think you were trying to determine.

MR. WADE [Defense counsel]:  So it's the State's representation then that the factual basis of both would be the same?

─────────────────

[2] All references to exhibits are to those provided at Doc. 13.

MS. KINSEY:  Yes. It's based on the same set of facts –

MR. WADE:  Okay.

MS. KINSEY:  – which I think will clear a lot up for you. And I have no problem with that, announcing that. And ultimately, if he is convicted of both counts, vehicular homicide and manslaughter, we would only be able to proceed to sentencing on one of the two cases.

THE COURT:  Yeah. That's correct. It's one death, right?

MS. KINSEY:  Yes, sir.

THE COURT:  Right. He can't be convicted of both.

MS. KINSEY:  Right.

MR. WADE:  I agree with that[.]

(Ex. D, p. 4). Drinkard elected to be tried, and the jury rendered the following verdict:

<u>Count 1</u>     Guilty of Reckless Driving; a lesser included offense;

<u>Count 2</u>     Guilty of Manslaughter as charged in the information;

<u>Count 3</u>     Not guilty of Racing on a Highway.

(Ex. K, p. 958 (reading of verdict); Ex. L (written verdict)).

Drinkard filed a motion for arrest of judgment, arguing that constitutional double jeopardy principles prohibited him from being convicted and sentenced on the manslaughter count  (Count 2) because the jury found him not guilty of vehicular

homicide on Count 1, and vehicular homicide is a lesser included offense of manslaughter. (Ex. M). Drinkard argued in the alternative that the jury's finding of guilt with respect to manslaughter was legally inconsistent with its finding him not guilty of vehicular homicide. (Ex. M). The trial court heard oral argument and denied relief, concluding that Drinkard's manslaughter conviction was "consistent with the case law." (Ex. N, p. 39).

On September 3, 2014, Drinkard was adjudicated guilty of reckless driving and manslaughter, and was sentenced to 10 years of imprisonment for the manslaughter. (Ex. O (sentencing transcript); Ex. P (judgment)). The court did not impose sentence for the reckless driving. (*Id.*). Drinkard was released on bond pending appeal. (Ex. O, p. 72).

Drinkard's direct appeal raised the double jeopardy issue, among others. (Ex. R). The Florida First District Court of Appeal ("First DCA") heard oral argument and affirmed in part, reversed in part, and remanded for resentencing, as follows:

> Appellant, Logan Brooks Drinkard, was convicted of manslaughter and sentenced to ten years' imprisonment in the wake of an automobile accident. We affirm his conviction without discussion, but vacate his sentence and remand for resentencing because the record indicates that, in pronouncing sentence, the trial judge assumed appellant was racing at the time of the accident even though he had been acquitted of that charge at trial. In addition, we reverse the imposition of a discretionary fine and related surcharges and remand for their possible reimposition.

At sentencing, the trial court repeatedly referred to the state's evidence that appellant had been racing on a highway – conduct for which appellant and a co-defendant had been charged and acquitted. "It is a violation of due process for the court to rely on conduct of which the defendant has actually been acquitted when imposing a sentence." *Doty v. State*, 884 So.2d 547, 549 (Fla. 4th DCA 2004). "Because it is unclear whether the trial court would have imposed the same sentence absent consideration [of a constitutionally impermissible factor], we must vacate appellant's sentence and remand for resentencing before a different judge." *Nawaz v. State*, 28 So.3d 122, 125 (Fla. 1st DCA 2010); *see Yisrael v. State*, 65 So.3d 1177, 1178 (Fla. 1st DCA 2011).

"Although an appellate court generally may not review a sentence that is within statutory limits under the Criminal Punishment Code, an exception exists, when the trial court considers constitutionally impermissible factors in imposing a sentence." *Nawaz*, 28 So.3d at 124, 125 (reversing and remanding for resentencing where "comments by the trial judge could reasonably be construed to suggest that the trial judge based appellant's sentence, at least in part, on his national origin"). "[I]t is fundamental that the due process clause prohibits a court from considering charges of which an accused has been acquitted in passing sentence." *Epprecht v. State*, 488 So.2d 129, 130 (Fla. 3d DCA 1986) (reversing and remanding for resentencing where trial court expressed its "belief that the defendant was guilty of an offense of which he had been acquitted"); *see Williams v. State*, 8 So.3d 1266, 1267 (Fla. 1st DCA 2009) (vacating sentence and remanding for resentencing because "the trial court appear[ed] to have relied on Appellant's prior acquittals in sentencing him").

Separately, the state correctly concedes the trial court erred in imposing a discretionary fine pursuant to section 775.083(1), Florida Statutes, "without specifically pronouncing the fine at the sentencing hearing." *Nix v. State*, 84 So.3d 424, 426 (Fla. 1st DCA 2012) ("By contrast [to statutorily-mandated costs], discretionary costs must be orally pronounced at sentencing because such costs may not be imposed without affording the defendant notice and an opportunity to be

heard."). We therefore reverse the imposition of the discretionary fine and associated surcharges. "On remand, the trial court may reimpose the fine and surcharge[s] after providing notice to Appellant and following the proper procedure." *Id*.

*Drinkard v. State*, 177 So. 3d 993, 994 (Fla. 1st DCA 2015) (copy at Ex. W).

Drinkard filed a petition for rehearing and certification to the Florida Supreme Court. (Ex. X). The First DCA denied rehearing and certification without discussion. (Ex. W). The mandate issued December 4, 2015. (Ex. X). Drinkard then filed a certiorari petition in the United States Supreme Court, presenting the following question for review:

> In a case where the prosecution charged both a greater offense and a lesser included offense in the same charging document, and where the jury found the Petitioner guilty of the greater offense – but *not guilty* of the lesser included offense – whether constitutional double jeopardy principles prohibit a conviction on the greater offense in light of the jury's not guilty verdict for the lesser included offense.

(Ex. Y). The Supreme Court denied certiorari on May 16, 2016. *Drinkard v. Florida*, 136 S. Ct. 2023 (2016) (copy at Ex. Z) ("Petition for writ of certiorari to the District Court of Appeal of Florida, First District denied.").

On October 11, 2016, Drinkard was resentenced on the manslaughter to 10 years of probation with the special condition that he be confined to the county jail for the first year. (Ex. AA).[3] Drinkard did not appeal the resentencing judgment.

Drinkard filed his counseled federal habeas petition on May 15, 2017. (Doc. 1). Drinkard's amended petition raises one claim—a double jeopardy challenge to his manslaughter conviction. (Doc. 5, pp. 12-18). The State asserts that Drinkard is not entitled to habeas relief because he fails to meet § 2254's demanding standard. (Doc. 13, pp. 18-21).

## II.     Section 2254 Standard of Review

A federal court "shall not" grant a habeas corpus petition on any claim that was adjudicated on the merits in state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court". 28 U.S.C. § 2254(d)(1). The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362 (2000).[4] Justice O'Connor described the appropriate test:

_____

[3] The judgment reflects that Drinkard was sentenced to "time served" for the reckless driving. (Ex. AA).

[4] Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter,

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Under the *Williams* framework, the federal court must first determine the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue. *See Thaler v. Haynes*, 559 U.S. 43, 47 (2010); *Woods v. Donald*, 575 U.S. —, 135 S. Ct. 1372, 1376 (2015) ("We have explained that clearly established Federal law for purposes of § 2254(d)(1) includes

---

Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

only the holdings, as opposed to the dicta, of this Court's decisions." (internal quotation marks and citation omitted)).

After identifying the governing legal principle, the federal court determines whether the state court's adjudication is contrary to the clearly established Supreme Court case law. The adjudication is not contrary to Supreme Court precedent merely because it fails to cite that precedent. Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. *See Early v. Packer*, 537 U.S. 3, 8 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.").

If the "contrary to" clause is not satisfied, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principle set forth in the Supreme Court's cases. The federal court defers to the state court's reasoning unless the state court's application of the legal principle was "objectively unreasonable" in light of the record before the state court. *See Williams*, 529 U.S. at 409; *Holland v. Jackson*, 542 U.S. 649, 652 (2004). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). A state court's

decision may be overturned "only when there could be no reasonable dispute that they were wrong." *Woods*, 135 S. Ct. at 1376.

To summarize, a state prisoner's burden under § 2254(d) "is difficult to meet, . . . because it was meant to be." *Richter* at 102. The *Richter* Court stated:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. *Cf. Felker v. Turpin*, 518 U.S. 651, 664, 116 S. Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, <u>a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement</u>.

*Richter*, 562 U.S. at 102-03 (emphasis added).

## III.    Discussion

Drinkard's petition raises a single claim: "Constitutional double jeopardy principles prohibit Petitioner Drinkard from being convicted/sentenced on the manslaughter count in light of the jury's acquittal on the vehicular homicide count." (Doc. 5, pp. 12-18). Drinkard explains that because vehicular homicide is a lesser-

included offense of manslaughter by culpable negligence, and the jury acquitted him of vehicular homicide, his conviction for the greater offense of manslaughter violates double jeopardy principles. Drinkard argues that the state court's rejection of his claim is contrary to and an unreasonable application of the Supreme Court's decisions in *Ohio v. Johnson*, 467 U.S. 493 (1984) and *Brown v. Ohio*, 432 U.S. 161 (1977). He claims that those cases clearly establish that "the Double Jeopardy Clause prohibits prosecution of a defendant for a greater offense when he has already been tried and acquitted or convicted on the lesser included offense." *Johnson*, 467 U.S. at 501. (Doc. 5, p. 17 (citing *Johnson* and *Brown*); Doc. 23, p. 2 ("Pursuant to *Johnson* and *Brown*, Petitioner Drinkard is entitled to relief because the Supreme Court has clearly held that one cannot be convicted of a greater offense if there is an acquittal on the lesser included offense.").

Applying the deference required by AEDPA, the Florida court's rejection of Drinkard's double jeopardy claim was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. In *Johnson*, Mr. Johnson was indicted by an Ohio grand jury for murder, involuntary manslaughter, aggravated robbery, and grand theft, all stemming from the killing of Mr. Hill and the theft of Hill's property. 467 U.S. at 494. Johnson pleaded not guilty to the more serious charges of murder and aggravated robbery, but offered to plead guilty to the

Page 11 of 20

respectively lesser included offenses of involuntary manslaughter and grand theft. The State objected to the proposed plea. The trial court accepted Johnson's guilty pleas to the lesser offenses and dismissed the two more serious charges, finding that because involuntary manslaughter and grand theft were lesser included offenses of murder and aggravated robbery, respectively, Johnson's continued prosecution on the greater offenses after acceptance of his guilty pleas to the lessers was barred by the Double Jeopardy Clause. *Johnson* at 497. The Ohio Supreme Court affirmed. That court found that Johnson could only be convicted of aggravated robbery or theft, but not both, and could only be convicted of involuntary manslaughter or murder, but not both, so acceptance of his guilty pleas to the lesser charges prevented conviction for the more serious charges. *Id*. at 496-97.

The Supreme Court of the United States disagreed. The Court first summarized the "three basic protections" the Double Jeopardy Clause affords:

> "'[It] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'"

*Johnson* at 498 (quoting *Brown*, 432 U.S. at 165, in turn quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). "[T]he bar to retrial following acquittal or conviction ensures that the State does not make repeated attempts to convict an

individual, thereby exposing him to continued embarrassment, anxiety, and expense, while increasing the risk of an erroneous conviction or an impermissibly enhanced sentence." *Johnson* at 498-99 (citations omitted). "In contrast to the double jeopardy protection against multiple trials, the final component of double jeopardy— protection against cumulative punishments—is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature." *Johnson* at 499 (citations omitted).

The *Johnson* Court found that the Ohio Supreme Court "was mistaken in its observation that th[e] case concern[ed] the third double jeopardy protection prohibiting multiple punishments for the same offense." *Johnson* at 497 (internal quotation marks and citation omitted). The Court explained:

> The trial court's dismissal of these more serious charges did more than simply prevent the imposition of cumulative punishments; it halted completely the proceedings that ultimately would have led to a verdict of guilt or innocence on these more serious charges. Presumably the trial court, in the event of a guilty verdict on the more serious offenses, will have to confront the question of cumulative punishments as a matter of state law, but because of that court's ruling preventing even the trial of the more serious offenses, that stage of the prosecution was never reached.

*Johnson*, 467 U.S. at 499-500. The Court then clarified: "While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on

the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution." *Id*. at 500.

Having lost the "multiple punishments" argument, Mr. Johnson turned to a "multiple prosecutions" approach, urging that his conviction and sentence on the charges of involuntary manslaughter and grand theft meant that further prosecution on the remaining offenses would implicate the double jeopardy protection against a second prosecution following conviction. *Id*. at 500. The Supreme Court flatly rejected that argument:

> The answer to this contention seems obvious to us. Respondent was indicted on four related charges growing out of a murder and robbery. The grand jury returned a single indictment, and all four charges were embraced within a single prosecution. Respondent's argument is apparently based on the assumption that trial proceedings, like amoebae, are capable of being infinitely subdivided, so that a determination of guilt and punishment on one count of a multicount indictment immediately raises a double jeopardy bar to continued prosecution on any remaining counts that are greater or lesser included offenses of the charge just concluded. We have never held that, and decline to hold it now.

*Johnson*, 467 U.S. at 500-01.

Drinkard essentially urges the same argument that the Supreme Court rejected in *Johnson*. Drinkard contends that the jury's finding of "not guilty" on the vehicular homicide charge immediately erected a double jeopardy bar to a conviction on manslaughter. Drinkard emphasizes that the State chose to charge vehicular

homicide as Count 1 and manslaughter (the greater offense) as Count 2. (Doc. 5, pp. 12, 16).

It is not clear from *Johnson*, or any precedent cited in that opinion, that Drinkard's prosecution, or "jeopardy", ended upon the reading of the verdict on Count 1, such that the reading of the verdict on Count 2 (manslaughter) constituted a second prosecution even though the jury had not yet been discharged. Neither *Johnson* nor any other Supreme Court precedent clearly establishes that proposition. To the contrary, given the *Johnson* Court's rejection of a similar "subdivided trial" argument, it was reasonable for the state court to conclude that Drinkard's manslaughter conviction did not violate the double jeopardy prohibition on second prosecutions. There was only one trial and one prosecution in Drinkard's case. Thus, in a case like this "where the State has made no effort to prosecute the charges seriatim, the considerations of double jeopardy protection . . . are inapplicable." *Johnson*, 467 U.S. at 500 n.9. "There simply has been none of the governmental overreaching that double jeopardy is supposed to prevent." *Id*. at 502.[5]

—————————————

[5] A final point of clarification: contrary to Drinkard's representation to the state court that "Federal Law says that for multiplicitas (sic) counts or duplicitas (sic) counts the prosecution is required to decide ahead of time which one they are going to go forward on", (Doc. 13, Ex. N, p. 4), *Johnson* held otherwise. That is, the prosecution may charge both the greater and a lesser included offense in a single prosecution, as

The Supreme Court has never found a double jeopardy violation where a defendant was subjected to only one prosecution and did not contend he was cumulatively punished for the same offense. Neither *Johnson* nor *Brown* has construed the Double Jeopardy Clause to prohibit simultaneously prosecuting a defendant for a lesser included offense and a greater offense. Consequently, the state court's rejection of Drinkard's double jeopardy claim cannot be contrary to clearly established Supreme Court precedent. *See Dombrowski v. Mingo*, 543 F.3d 1270, 1274 (11th Cir. 2008) ("[W]hen no Supreme Court precedent is on point, we have held that a state court's conclusion cannot be 'contrary to clearly established Federal law as determined by the U.S. Supreme Court.'" (quoting *Washington v. Crosby*, 324 F.3d 1263, 1265 (11th Cir. 2003)).

The clearly established principle that "the Double Jeopardy Clause prohibits prosecution of a defendant for a greater offense when he has already been tried and acquitted or convicted on the lesser included offense" does not clearly require that Drinkard's manslaughter conviction be vacated. *Johnson*, 467 U.S. at 501; *see*

---

was done here and in *Johnson*. *See Johnson*, 467 U.S. at 500; *United States v. Freyre-Lazaro*, 3 F.3d 1496, 1507 (11th Cir. 1993) (noting that "'the government may charge a defendant with both a greater and a lesser included offense and may prosecute those offenses at a single trial'") (quoting *United States v. Kaiser*, 893 F.2d 1300, 1303 (11th Cir. 1990)).

*Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (holding that, where the Supreme Court has "give[n] no clear answer" to federal law, "it cannot be said that the state court unreasonably applied clearly established Federal law" (internal quotations omitted)); *Lockyer v. Andrade*, 538 U.S. 63, 72-73 (2003). Drinkard has not demonstrated that the State unreasonably applied clearly established federal law when it concluded that Drinkard's manslaughter conviction did not violate the Double Jeopardy Clause.

This court expresses no opinion on Drinkard's "inconsistent verdicts" argument that he raised in the state court. Drinkard did not raise that argument here and, in any event, this argument raises no constitutional concerns. *See, e.g., United States v. Dunn*, 284 U.S. 390, 393 (1932) (holding that a criminal defendant convicted by a jury on one count cannot attack the conviction because it was inconsistent with the verdict of acquittal on another count; "Consistency in the verdict is not necessary."); *United States v. Powell*, 469 U.S. 57, 64-65 (1984) (recognizing the continued validity of *Dunn*'s holding); *Harris v. Rivera*, 454 U.S. 339, 345 (1981) (denying state prisoner's habeas corpus challenge to his conviction based on inconsistent verdicts because "[i]nconsistency in a verdict is not a sufficient reason for setting it aside") (citations omitted).

**IV.    Certificate of Appealability is Not Warranted**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## V. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. The amended petition for writ of habeas corpus (Doc. 5), challenging the judgment of conviction and sentence in *State of Florida v. Logan Brooks Drinkard*, Santa Rosa County Circuit Court Case No. 2011-CF-1806, be **DENIED**.

2. The District Court **DENY** a certificate of appealability.

3.  The clerk of the court close this file.

At Panama City, Florida, this <u>29th</u> day of April 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**